## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION,

Plaintiffs-Appellants,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,

Defendants-Appellees.

———————————

On Appeal from the United States District Court
for the District of Columbia

———————————

**BRIEF FOR APPELLEES**

———————————

BRETT A. SHUMATE
  *Assistant Attorney General*

JEANINE FERRIS PIRRO
  *United States Attorney*

DANIEL TENNY
MAXWELL A. BALDI
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7513*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 532-0211*

**CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES**

Pursuant to D.C. Circuit Rule 28(a)(1), the undersigned counsel certifies as follows:

**A.     Parties and Amici**

Plaintiffs-appellants are Gun Owners of America, Inc. and Gun Owners Foundation.

Defendant-appellee is the Bureau of Alcohol, Tobacco, Firearms and Explosives.

No amici curiae appeared in district court. The following amici curiae have appeared to date in this Court: Americans for Prosperity Foundation; Buckeye Institute; Mayor and City Council of Baltimore; Reporters Committee for Freedom of the Press; Atlantic Monthly Group LLC; Axios Media Inc.; Dow Jones & Company, Inc.; First Amendment Coalition; Forbes Media LLC; Intercept Media, Inc.; Media Institute; MediaNews Group, Inc.; National Freedom of Information Coalition; National Press Club; National Press Photographers Association; National Public Radio, Inc.; The New York Times Company; News/Media Alliance; News Guild – CWA; Online News Association; POLITICO, LLC; Pro Publica, Inc.; Radio Television Digital News Association; Reuters News & Media Inc.; Society of

Environmental Journalists; Society of Professional Journalists; Student Press Law Center; Vox Media, LLC; and, WP Company LLC d/b/a Washington Post.

**B.  Rulings Under Review**

Plaintiffs appeal the July 23, 2025 opinion and order granting summary judgment for the defendant, Dkt. Nos. 42 and 43, issued by the Honorable Amy Berman Jackson, in No. 1:21-cv-2919 (D.D.C.). The ruling has not been published in the Federal Supplement but is available at 2025 WL 2061705.

**C.  Related Cases**

This case has not previously been before this Court or any court other than the district court. Counsel are not aware of any related cases within the meaning of D.C. Cir. R. 28(a)(1)(C).

/s/ *Maxwell A. Baldi*
Maxwell A. Baldi

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .............................................................................. iv

GLOSSARY ................................................................................................... vii

STATEMENT OF JURISDICTION ................................................................. 1

STATEMENT OF THE ISSUES ...................................................................... 1

PERTINENT STATUTES ................................................................................ 2

STATEMENT OF THE CASE .......................................................................... 2

    A.    Statutory Background ..................................................................... 2

    B.    Factual Background and Prior Proceedings ................................. 5

SUMMARY OF ARGUMENT .......................................................................... 10

STANDARD OF REVIEW .............................................................................. 11

ARGUMENT ................................................................................................... 11

I.      Plaintiffs' challenge to the district court's order is moot with respect to the information protected by Exemptions 3 and 7(E). ......... 11

II.     The district court correctly entered an uncontested order prohibiting plaintiffs from disseminating personally identifiable information protected by Exemptions 6, 7(C), and (7)(D). ..................... 14

CONCLUSION ................................................................................................ 18

CERTIFICATE OF COMPLIANCE

ADDENDUM

# TABLE OF AUTHORITIES

**Cases:**                                                          **Page(s)**

*Abdeljabbar v. ATF*,
74 F. Supp. 3d 158 (D.D.C. 2014) ...................................................... 4

*Already, LLC v. Nike, Inc.*,
568 U.S. 85 (2013) ...................................................................... 11, 12

*Arizonans for Official English v. Arizona*,
520 U.S. 43 (1997) ............................................................................. 11

*Aviation Consumer Action Project v. Washburn*,
535 F.2d 101 (D.C. Cir. 1976) ......................................................... 13

*Church of Scientology v. United States*,
506 U.S. 9 (1992) .............................................................................. 12

*Common Cause v. Nuclear Regul. Comm'n*,
674 F.2d 921 (D.C. Cir. 1982) ......................................................... 13

*Federal Sav. & Loan Ins. Corp. v. Blain*,
808 F.2d 395 (5th Cir. 1987) ........................................................... 17

*Gun Owners of Am., Inc. v. ATF*,
No. 25-5309, 2025 U.S. App. LEXIS 26584 (D.C. Cir. Oct. 7, 2025) ............. 9

*National Kidney Patients Ass'n v. Sullivan*,
902 F.2d 51 (D.C. Cir. 1990) ........................................................... 14

*Texas v. United States*,
798 F.3d 1108 (D.C. Cir. 2015) ....................................................... 17

*United States v. Munsingwear, Inc.*,
340 U.S. 36 (1950) ............................................................................. 14

*United States v. Philip Morris USA Inc.*,
566 F.3d 1095 (D.C. Cir. 2009) ....................................................... 11

*United States v. Sanchez-Gomez*,
584 U.S. 381 (2018) ........................................................................... 11

*United States v. Sineneng-Smith,*
    590 U.S. 371 (2020) ................................ 16

*United States v. Swift & Co.,*
    286 U.S. 106 (1932) ................................ 17

*Washington Serv. Contractors Coal. v. District of Columbia,*
    54 F.3d 811 (D.C. Cir. 1995) .................... 16-17

*Williams & Connolly v. SEC,*
    662 F.3d 1240 (D.C. Cir. 2011) ................. 13

*Wood v. Milyard,*
    566 U.S. 463 (2012) ................................ 16

**U.S. Constitution:**

Art. III, § 2, cl. 1 ........................................ 11

**Statutes:**

Brady Handgun Violence Prevention Act,
    Pub. L. No. 103-159, 107 Stat. 1536 (1993) ........ 4

Consolidated and Further Continuing Appropriations Act, 2012,
    Pub. L. No. 112-55, 125 Stat. 552 (2011)
    (codified at 18 U.S.C. § 923 note) ................. 4

Freedom of Information Act (FOIA):
    5 U.S.C. § 552(a)(3) ................................ 2
    5 U.S.C. § 552(a)(4)(B) ............................ 1, 3
    5 U.S.C. § 552(b)(1)-(9) ........................... 3
    5 U.S.C. § 553(b)(3) ............................... 3, 5
    5 U.S.C. § 553(b)(6) ............................... 3, 5
    5 U.S.C. § 553(b)(7)(C) ............................ 3, 5
    5 U.S.C. § 553(b)(7)(D) ............................ 3, 5
    5 U.S.C. § 553(b)(7)(E) ............................ 3, 5

18 U.S.C. § 923(g) ................................................................ 4

28 U.S.C. § 599A(b)(1) ......................................................... 3

28 U.S.C. § 1291 .................................................................. 1

28 U.S.C. § 1331 .................................................................. 1

**Regulations:**

28 C.F.R. pt. 25, subpt. A .................................................... 4
    28 C.F.R. § 25.9(b)(2)(ii) ................................................. 4

**Rule:**

Fed. R. App. P. 4(a)(1)(B) .................................................... 1

**Other Authority:**

Andrea L. D'Ambra & Susana Medeiros, *The Consequences
    of Documents That Are Incorrectly [Redacted],*
    46 No. 3 Litigation (2020)............................................... 5-6

# GLOSSARY

App.                    Appendix

ATF                     Bureau of Alcohol, Tobacco, Firearms and
                        Explosives

FOIA                    Freedom of Information Act

## STATEMENT OF JURISDICTION

Plaintiffs invoked the jurisdiction of the district court under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331. Complaint, Dkt. 1 at 1. The district court entered final judgment in favor of the government on July 23, 2025. Order, Appendix (App.) 71. Plaintiffs timely noticed this appeal on August 25, 2025. Notice of Appeal, App. 73; *see* Fed. R. App. P. 4(a)(1)(B). As discussed below, due to a disclosure by the government while this appeal was pending, a portion of the dispute between the parties is now moot. *See infra* pp. 11–14. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

Under FOIA, plaintiffs sought information from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) concerning the agency's use of a background-check system used to trace firearms purchases. After plaintiffs sued and ATF disclosed many documents with redactions to account for various FOIA exemptions, ATF inadvertently disclosed one set of documents in which the redactions for the FOIA-exempt information were not permanently applied. At ATF's request, the district court prohibited plaintiffs from disseminating two categories of information. First, over

plaintiffs' objection, the district court ordered plaintiffs not to make use of material covered by FOIA Exemptions 3 and 7(E). And second, without objection from plaintiffs, the district court ordered plaintiffs not to disseminate personally identifiable information covered by Exemptions 6, 7(C), and 7(D). The agency has since disclosed the Exemption 3 and 7(E) materials to plaintiffs.

The questions presented are:

I. Whether this appeal is moot with respect to information that ATF has disclosed to plaintiffs.

II. Whether the district court abused its discretion in entering an uncontested order preventing plaintiffs from disseminating inadvertently disclosed personally identifiable information.

## PERTINENT STATUTES

Pertinent statutes are reproduced in the addendum to this brief.

## STATEMENT OF THE CASE

### A.    Statutory Background

**1.** FOIA requires federal agencies to make certain documents available to the public upon request. 5 U.S.C. § 552(a)(3). A requester dissatisfied with the agency's response may sue to "enjoin the agency from withholding

agency records and to order the production of any agency records improperly withheld." *Id.* § 552(a)(4)(B).

FOIA "does not apply to matters" within nine listed exemptions. 5 U.S.C. § 552(b)(1)–(9). As relevant here, Exemption 3 covers information prohibited from disclosure by another federal statute. *Id.* § 553(b)(3). Exemption 6 covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *Id.* § 552(b)(6). Exemption 7(C) covers law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* § 552(b)(7)(C). Exemption 7(D) covers the identities of law enforcement's confidential sources. *Id.* § 552(b)(7)(D). And Exemption 7(E) covers law enforcement techniques and procedures. *Id.* § 552(b)(7)(E).

**2.** ATF is a subagency of the Department of Justice with responsibility for investigating, *inter alia*, "criminal and regulatory violations of the Federal firearms, explosives, arson, alcohol, and tobacco smuggling laws." 28 U.S.C. § 599A(b)(1). To conduct these investigations, ATF is authorized to obtain information from the Federal Bureau of Investigation's National Instant Criminal Background Check System, a system used to determine if

an individual is prohibited from purchasing a firearm. 28 C.F.R.

§ 25.9(b)(2)(ii), (b)(4); *see* Brady Handgun Violence Prevention Act, Pub. L.

No. 103-159, § 103(b), 107 Stat. 1536, 1541 (1993) (requiring Attorney General

to establish system). *See generally* 28 C.F.R. pt. 25, subpt. A.

At the request of law enforcement agencies, ATF also traces the origin

or background of firearms found at crime scenes. Barnett Declaration, Dkt.

32-3, at 5–7; *see* 18 U.S.C. § 923(g). Since 2003, in a series of appropriations

provisions known as the Tiahrt Riders, Congress has prohibited ATF from

disclosing firearms-trace information except to fulfill requests from law

enforcement agencies or prosecutors or if permitted by one of a limited

number of other exceptions. *E.g.*, Consolidated and Further Continuing

Appropriations Act, 2012, Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011)

(codified at 18 U.S.C. § 923 note); *see Abdeljabbar v. ATF*, 74 F. Supp. 3d

158, 174 (D.D.C. 2014). The version of the Tiahrt Rider currently in effect

provides that trace "data shall be immune from legal process," 125 Stat. at

609–10, and thus exempts trace data from FOIA disclosure, *see, e.g.*,

*Abdeljabbar*, 74 F. Supp. 3d at 174–76; Memorandum Opinion, App. 53-54

(collecting cases).

## B. Factual Background and Prior Proceedings

**1.** This appeal arises from a FOIA request that plaintiffs submitted to ATF for records related to the agency's use of the National Instant Criminal Background Check System. After ATF did not produce a response by FOIA's statutory deadline, plaintiffs brought this suit to compel the production of responsive records. *See* Complaint, Dkt. 1. ATF then disclosed thousands of responsive documents in 13 monthly productions. Memorandum Opinion, App. 44.

When ATF emailed its thirteenth production to plaintiffs' counsel in September 2023, it made a critical mistake. It sent a single file containing 115 pages in which the agency had marked many pieces of information to be withheld pursuant to the various FOIA Exemptions described above. *See* 5 U.S.C. § 552(b)(3), (6), (7)(C), (7)(D), (7)(E); Barnett Declaration, Dkt. 32-3, at 3–4, 6–7, 9–14. But ATF inadvertently emailed plaintiffs' counsel a copy of the document in which red boxes identified the FOIA redactions to be applied to certain information without permanently redacting that information. Barnett Declaration, Dkt. 32-3, at 3–4 (explaining that due to a "file naming error" the wrong "file was inadvertently attached to the email"). *See generally* Andrea L. D'Ambra & Susana Medeiros, *The Consequences of*

*Documents That Are Incorrectly [Redacted]*, 46 No. 3 Litigation 15, 16 (2020) (explaining how to redact PDF documents).

Plaintiffs brought to ATF's attention that it had failed to send a properly redacted version of the production. Email from Rob Olson to ATF, Dkt. 32-3, at 18. In response, ATF sent a properly redacted production and requested that plaintiffs delete the inadvertent production; plaintiffs declined to respond to that request, and ATF sought a temporary protective order to prevent plaintiffs from disseminating the information that should have been redacted. Memorandum Opinion, App. 46–47. The district court granted first administrative relief, Minute Order, App. 5, and then a temporary protective order, Order, App. 36–39.

**2.** ATF then moved for summary judgment seeking a permanent order to prevent plaintiffs from disseminating the inadvertently disclosed material. Motion for Summary Judgment, Dkt. 32. The district court granted that motion. Order, App. 71.

The district court recognized that plaintiffs "do not dispute" ATF's attempt to withhold material under Exemptions 3, 6, 7(C), 7(D), and 7(E), and that plaintiffs "'have no interest in the vast majority of the … information ATF disclosed.'" Memorandum Opinion, App. 49 (quoting

Opposition to Motion for Summary Judgment, Dkt. 33, at 6) (omission in original). Indeed, plaintiffs "already agreed to destroy the personal information that the agency redacted under Exemptions 6, 7(C), and 7(D)." *Id.*, App. 59; *see also id.*, App. 50–51, 51 n.3 (collecting plaintiffs' statements that they do not challenge ATF's reliance on various FOIA exemptions).

In any event, the district court carefully examined each of the exemptions ATF had sought to rely upon and held that the agency's reliance on those exemptions was proper. Memorandum Opinion, App. 50–58. *First*, the district court held that ATF properly withheld information related to firearms tracing from disclosure. *Id.*, App. 52–54. This information appeared in the documents mostly "to explain why ATF's subject was under investigation." *Id.*, App. 52 (quoting Barnett Declaration, Dkt. 32-3, at 7) (cleaned up). The district court explained that the Tiahrt Rider precluded ATF from releasing this information and thus justified its invocation of Exemption 3. *Id.*, App. 54. *Second*, the district court held that the agency properly invoked Exemptions 6, 7(C), and 7(D) "for the bulk of the information it marked for redaction: the personal information of ATF and FBI agents, agency personnel, and the subjects, associates, and informants involved in the agency's investigations." *Id.*, App. 54. The district court

explained that strong interests in personal privacy justified all these withholdings. *Id.*, App. 54–57. *Third*, the district court held that the agency properly withheld information related to law-enforcement techniques and procedures, explaining that the agency need not disclose why and how it identifies its investigative subjects. *Id.*, App. 57–58.

Having determined that ATF had properly invoked each of the asserted FOIA exemptions, the district court barred plaintiffs from disseminating or using the information that ATF had inadvertently disclosed. *See* Memorandum Opinion, App. 59, 69. The district court's analysis proceeded in two parts. First, because plaintiffs "already agreed to destroy the personal information that the agency redacted under Exemptions 6, 7(C), and 7(D)," the district court simply issued an order requiring them to follow through. *Id.*, App. 59. Second, the district court also held that it had equitable authority to restrain plaintiffs' disclosure of the inadvertently produced material that should have been shielded under Exemptions 3 and 7(E). *Id.*, at 59–69.

As for this second category of material, the district court held that FOIA itself provided the authority to impose such an equitable remedy. Memorandum Opinion, App. 63–69. The district court also rejected plaintiffs'

arguments that prohibiting them from disseminating inadvertently released information violates the First Amendment. The court explained that restraining plaintiffs from disclosing that information was not an unconstitutional prior restraint because plaintiffs "do not have a right to the material" that falls within Exemptions 3 and 7(E) in the first place. *Id.*, App. 70.

Accordingly, the district court ordered plaintiffs to "sequester the unredacted portions of the records produced in defendant's thirteenth production" and "not disseminate, disclose, or use for any purpose those portions of the records." Order, App. 71.

This Court then denied plaintiffs' motion for a stay pending appeal. *Gun Owners of Am., Inc. v. ATF*, No. 25-5309, 2025 U.S. App. LEXIS 26584, at *1 (D.C. Cir. Oct. 7, 2025).

**3.** On December 3, 2025, ATF made an additional production to plaintiffs. Letter from ATF to Robert Olson & Stephen Stamboulieh, Dkt. 50-1, at 1–2. This production replicated the 115-page file the agency inadvertently sent plaintiffs in its thirteenth production but changed the redactions. *See id.*, Dkt. 50-1, at 2. In particular, private information withheld pursuant to Exemptions 6, 7(C), and 7(D) was properly redacted, and the

information ATF had previously sought to protect under Exemptions 3 and 7(E) was not redacted at all. *Id.*, Dkt. 50-1, at 2. The result is that the plaintiffs now have a file with the information that they agreed to destroy redacted and the remaining information entirely visible.

## SUMMARY OF ARGUMENT

I. ATF's disclosure to plaintiffs, while this appeal was pending, of the materials that the district court had held to be protected by Exemptions 3 and 7(E) moots plaintiffs' challenge to that portion of the district court's order. There is no longer any live dispute with respect to those materials, and plaintiffs no longer have any need for relief from this Court.

II. Although the appeal is not moot with regard to the other material subject to the district court's order—personally identifiable information related to law enforcement personnel, investigative subjects, and confidential sources—the district court's order may be readily upheld with regard to those materials. The district court granted this relief because plaintiffs did not "take issue with the remedy" and instead "agreed to destroy the personal information that the agency redacted under Exemptions 6, 7(C), and 7(D)." Memorandum Opinion, App. 59. Having affirmatively waived any challenge to the order as it applies to the Exemption 6, 7(C), and 7(D) material,

plaintiffs cannot now seek relief from that aspect of the order on appeal, and indeed their opening brief does not discuss their concession or the district court's reliance on it. That portion of the order should therefore be affirmed.

## STANDARD OF REVIEW

This Court reviews entry of a permanent injunction for abuse of discretion; it reviews underlying legal conclusions *de novo* and factual findings for clear error. *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1110 (D.C. Cir. 2009) (per curiam).

## ARGUMENT

**I.    Plaintiffs' challenge to the district court's order is moot with respect to the information protected by Exemptions 3 and 7(E).**

The Constitution limits the federal courts' jurisdiction to resolving "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "An actual controversy must be extant at all stages of review[.]" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (cleaned up). Thus, a "case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 584 U.S. 381, 385–86 (2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

A case has become moot when "the parties lack a legally cognizable interest in [its] outcome." *Already*, 568 U.S. at 91 (cleaned up). That is true if an intervening event "makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

The controversy in this appeal arose because ATF's thirteenth production to plaintiffs failed to apply redactions that the agency intended to make, such that plaintiffs could see material as to which an exemption applied. The district court granted an injunction prohibiting plaintiffs from further disseminating the information that the agency intended to redact, and plaintiffs challenge that order in this Court.

While the appeal was pending, however, ATF made a fourteenth production to plaintiffs. This production consisted of the original 115-page document that constituted the thirteenth production, but with different redactions. Although the government applied redactions to materials related to personally identifying information, discussed below, the new version of the document did not apply redactions to material that had been protected by Exemption 3 or 7(E). This new document is unaffected by the district court's order, which applies by its terms only to "portions of the records produced in

defendant's *thirteenth production*" Order, App. 71 (emphasis added). While

plaintiffs may interpret the order more broadly, *see* Notice of Compliance,

Dkt. 50, at 2, the order on its face is limited only to the "thirteenth

production," Order, App. 71. It does encompass a subsequent production. *Cf.*

*Common Cause v. Nuclear Regul. Comm'n*, 674 F.2d 921, 927 (D.C. Cir.

1982) ("[A]n injunction's language might be sufficiently specific to notify the

parties of the acts the court seeks to restrain."). That the government

intentionally sent the fourteenth production to plaintiffs only underscores

that point: an order designed to remedy an inadvertent disclosure plainly

would not apply to an intentional one. *Cf. Aviation Consumer Action Project*

*v. Washburn*, 535 F.2d 101, 108 (D.C. Cir. 1976) ("An injunction must be

narrowly tailored to remedy the specific harm shown.").

As a result, the portion of the district court's order that plaintiffs

contested no longer has any practical effect. Plaintiffs now have access to all

the Exemption 3 and 7(E) material in a form not subject to the district

court's order. They may freely disseminate that information.

ATF's recent disclosure moots plaintiffs' appeal of the portion of the

order restricting plaintiffs from using the Exemption 3 and 7(E) material.

*See Williams & Connolly v. SEC*, 662 F.3d 1240, 1243–44 (D.C. Cir. 2011)

(FOIA litigation moot "[o]nce the documents are released to the requesting party"); *National Kidney Patients Ass'n v. Sullivan*, 902 F.2d 51, 54 (D.C. Cir. 1990) (per curiam) (appeal from injunction moot once party enjoined is permitted to take enjoined action). Plaintiffs can obtain no further relief and they have no legally cognizable interest in the continuation of this suit. This court, therefore, lacks jurisdiction to consider plaintiffs' challenge to the order insofar as it restricted use of the Exemption 3 and 7(E) material.[1]

## II. The district court correctly entered an uncontested order prohibiting plaintiffs from disseminating personally identifiable information protected by Exemptions 6, 7(C), and (7)(D).

Different analysis applies to the district court's order to the extent it prohibits plaintiffs from making use of personally identifiable information. This information includes "(1) the personally identifiable information of ATF and FBI agents, and agency staff; (2) the social security numbers, birth dates, addresses, cell phone numbers, and family relationships of the

---

[1] Because this case has become moot while on appeal through ATF's unilateral action, the government would not oppose any request from plaintiffs to vacate the district court's judgment with respect to the Exemption 3 and 7(E) material. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950).

subjects of agency investigation; and (3) the identities of cooperating sources who provided information to the government." Memorandum Opinion, App. 56. Unlike the contested categories of information, plaintiffs did not assert that they should be permitted to make use of the personally identifiable information that ATF inadvertently disclosed.

Before the district court, plaintiffs repeatedly represented that they do not "have any interest in" any "personally identifying information" contained in the inadvertent production. Opposition to Motion for Protective Order, App. 30 (quotation marks omitted); *accord* Opposition to Motion for Summary Judgment, Dkt. 33, at 23. Plaintiffs expressly disclaimed interest in maintaining access to "personally identifying information of the subjects of [ATF's] investigation, including birth dates and social security numbers"; "the names, email addresses, and … telephone numbers for multiple ATF and FBI agents and staff"; "the identity of citizens who provided information to the Government in support of a criminal investigation … witnesses or confidential sources" or "various law enforcement file numbers and codes." Opposition to Motion for Protective Order, App. 30 (emphases and quotation marks omitted; second omission in original); *accord* Opposition to Motion for Summary Judgment, Dkt. 33, at 23. Instead, plaintiffs explained that they

"would agree to destroy any such records." Opposition to Motion for Protective Order, App. 30; *accord* Opposition to Motion for Summary Judgment, Dkt. 33, at 23. And they asserted that "destruction of any such portions of the records would alleviate the harms that [ATF's] declaration alleges could occur." Opposition to Motion for Protective Order, App. 30; *accord* Opposition to Motion for Summary Judgment, Dkt. 33, at 24. As a result, the district court took plaintiffs up on their offer "to destroy the personal information that the agency redacted under Exemptions 6, 7(C), and 7(D)," and "order[ed] [them] to do so." Memorandum Opinion, App. 59; *see also id.* (noting that "plaintiffs take issue with the remedy only as it pertains to small portions of the unredacted information." (cleaned up)).

Plaintiffs are bound by their affirmative choice to waive any argument in favor of being able to use the personally identifiable information covered by Exemptions 6, 7(C), and (7)(D). *See Wood v. Milyard*, 566 U.S. 463, 472–73 (2012) (court abuses its discretion when it overrides party's "deliberate waiver"); *see also United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (emphasizing that courts are generally limited to deciding only those issues presented by the parties). Moreover, a party that fails to oppose a ruling entering injunctive relief "essentially consent[s]" to it. *Washington*

*Serv. Contractors Coal. v. District of Columbia*, 54 F.3d 811, 818 n.3 (D.C. Cir. 1995). And where a party has consented to entry of injunctive relief, it cannot later revoke its consent. *See United States v. Swift & Co.*, 286 U.S. 106, 119 (1932); *Federal Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 398 (5th Cir. 1987).

Having conceded that they have no interest in retaining access to that information and having offered to destroy it themselves, plaintiffs cannot now be heard to object to the district court's order taking them up on that offer. And indeed, they do not object to this aspect of the district court's reasoning in their opening brief, understandably focusing on the aspects of the district court's reasoning that applied to the contested issues in the case. Plaintiffs' failure to raise any argument in their opening brief that the district court abused its discretion in entering a consented-to injunction provides another basis for affirming that aspect of the district court's judgment, even if plaintiffs attempt to raise new arguments in their reply brief. *See Texas v. United States*, 798 F.3d 1108, 1115–16 (D.C. Cir. 2015) (arguments raised for the first time in reply brief are forfeited). This Court should therefore affirm that uncontested aspect of the district court's order and bring this case to a close.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court should be affirmed to the extent it prohibits dissemination of information protected by Exemptions 6, 7(C), and (7)(D), and this appeal should otherwise be dismissed as moot.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*
JEANINE FERRIS PIRRO
  *United States Attorney*

DANIEL TENNY

 */s/ Maxwell A. Baldi*
MAXWELL A. BALDI
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7513*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 532-0211*
  *maxwell.baldi@usdoj.gov*

DECEMBER 2025

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,461 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Expanded BT 14-point font, a proportionally spaced typeface.

/s/ *Maxwell A. Baldi*
Maxwell A. Baldi

# ADDENDUM

# TABLE OF CONTENTS

Consolidated and Further Continuing Appropriations Act of 2012,
Pub. L. No. 112-55, 125 Stat. 552, 609–10 (2011) ....................................A1

## Consolidated and Further Continuing Appropriations Act of 2012, Pub. L. No. 112-55, tit II, 125 Stat. 552, 609–10 (2011)

\*\*\*

*Provided further*, That, during the current fiscal year and in each fiscal year thereafter, no funds appropriated under this or any other Act may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the Bureau of Alcohol, Tobacco, Firearms and Explosives or any information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section, except to: (1) a Federal, State, local, or tribal law enforcement agency, or a Federal, State, or local prosecutor; or (2) a foreign law enforcement agency solely in connection with or for use in a criminal investigation or prosecution; or (3) a Federal agency for a national security or intelligence purpose; unless such disclosure of such data to any of the entities described in (1), (2) or (3) of this proviso would compromise the identity of any undercover law enforcement officer or confidential informant, or interfere with any case under investigation; and no person or entity described in (1), (2) or (3) shall knowingly and publicly disclose such data; and all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court or in an administrative proceeding other than a proceeding commenced by the Bureau of Alcohol, Tobacco, Firearms and Explosives to enforce the provisions of chapter 44 of such title, or a review of such an action or proceeding; except that this proviso shall not be construed to prevent: (A) the disclosure of statistical information concerning total production, importation, and exportation by each licensed importer (as defined in section 921(a)(9) of such title) and licensed manufacturer (as defined in section 921(a)(10) of such title); (B) the sharing or exchange of such information among and between Federal, State, local, or foreign law enforcement agencies, Federal, State, or local prosecutors, and Federal national security, intelligence, or counterterrorism officials; or (C) the publication of annual statistical reports on products regulated by the Bureau of Alcohol, Tobacco, Firearms and Explosives, including total production, importation, and exportation by each licensed importer (as so defined) and licensed manufacturer (as so defined), or statistical aggregate data regarding

firearms traffickers and trafficking channels, or firearms misuse, felons, and trafficking investigations: ***