ORAL ARGUMENT SCHEDULED FOR JANUARY 29, 2026

No. 25-5309

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————————

GUN OWNERS OF AMERICA, INC. AND GUN OWNERS FOUNDATION,

*Plaintiffs-Appellants*,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,

*Defendant-Appellee*.

———————————————

On Appeal from an Order of the United States District Court
for the District of Columbia
No. 1:21-cv-02919-ABJ
Hon. Amy Berman Jackson

———————————————

**MOTION OF MAYOR AND CITY COUNCIL OF BALTIMORE FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT AS *AMICUS CURIAE***

———————————————

Pursuant to D.C. Circuit Rules 27 and 34(e), *Amicus Curiae* Mayor and City Council of Baltimore ("Baltimore") respectfully requests permission to participate in oral argument in support of neither party. Baltimore requests five minutes of oral argument time. The parties have advised Baltimore that they oppose this motion. Baltimore's reasons in support of this motion are set forth below:

1

1. On November 13, 2025, Baltimore filed a brief as *amicus curiae* in support of neither party. Dkt. No. 1208794991 ("Amicus Br."). Oral argument has since been scheduled for January 29, 2025. Dkt. No. 1208795338.

2. The instant case potentially presents the question of whether the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") may lawfully withhold certain information from its response to a Freedom of Information Act ("FOIA") request on the basis that the information is shielded from disclosure under 5 U.S.C. § 552(b)(3) ("Exemption 3") and the "Tiahrt Rider," a provision included in several appropriations laws Congress enacted between 2003 and 2011. The district court erroneously concluded that versions of the Tiahrt Rider enacted with 2005 and 2008 appropriations laws remain in effect and qualify as Exemption 3 withholding statutes. App.52-54.

3. Plaintiffs did not challenge the application of Exemption 3 before the district court, and they do not challenge the district court's Exemption 3 ruling in their Opening Brief. Indeed, their Reply appears to adopt ATF's position in the district court that disclosing firearms trace data would violate the Tiahrt Rider. Reply at 22-24. ATF, meanwhile, asserts that any dispute regarding the Tiahrt Rider and Exemption 3 is now moot because it has since reissued the records at issue in this case without any redactions of material that ATF previously asserted were shielded from disclosure by Exemption 3. Appellee Br. at 13-14.

4. Baltimore submits that this Court can and should decide this appeal without addressing the district court's conclusion that the Tiahrt Rider is an Exemption 3 withholding statute. *See* Amicus Br. at 6-8.

5. Because the Court nevertheless may choose to reach this issue, however, Baltimore respectfully requests permission to participate in oral argument in support of neither party. As the only party to have briefed this issue, Baltimore submits that it could assist this Court in deciding whether the district court's conclusions were erroneous.

6. As explained in Baltimore's brief, if this Court reaches the Exemption 3 issue, it should hold that the Tiahrt Riders enacted prior to the one enacted in the Consolidated and Further Appropriations Act of 2012, Pub. L. No. 112-55, 125 Stat. 552, 609-10 (2011) ("2012 Tiahrt Rider"), were impliedly repealed and are no longer effective. *See* Amicus Br. at 12. Furthermore, the Court should conclude that the 2012 Tiahrt Rider is not a FOIA withholding statute. First, the plain language of the Rider prohibits the use of appropriated funds to disclose certain information from ATF's Firearms Trace System database but does not prohibit producing records in response to a FOIA request. Amicus Br. at 19-25. Second, the 2012 Tiahrt Rider does not meet the requirements for an Exemption 3 statute because it does not "specifically cite[]" to 5 U.S.C. § 552(b)(3)(B), as required by the OPEN FOIA Act of 2009. Amicus Br. at 12-18.

7. In addition, Baltimore has a strong interest in this case because it is involved in similar litigation in this district to determine whether ATF must produce certain information about firearm recoveries, including the sources of crime guns, in response to Baltimore's FOIA request. *See Mayor and City Council of Baltimore v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 1-23-CV-03762 (D.D.C.). The central question in the litigation is whether the Tiahrt Rider may serve as a basis for withholding information under Exemption 3. *See* Amicus Br. at 1-2, 6. Oral argument on summary judgment was held on December 3, 2025. A decision from the district court is forthcoming.

8. Finally, this Court has granted the request to participate in oral argument by parties interested in the interpretation of a FOIA provision that is a matter of first impression in this Court. *See* Order, *Amadis v. Dep't of State*, No. 19-5088 (D.C. Cir. Jan. 13, 2020), Dkt. No. 1823721.

For these reasons, Baltimore respectfully requests that this Court grant its motion for leave to participate in oral argument as *amicus curiae*, grant Baltimore five minutes of oral argument time, and issue any corresponding enlargement of the oral argument time for the parties that the Court deems appropriate.

Dated: January 12, 2026

EBONY MONET THOMPSON
City Solicitor
BALTIMORE CITY
DEPARTMENT OF LAW
Sara Gross
Chief, Affirmative Litigation Division
Thomas P.G. Webb
Chief Solicitor
City Hall
100 North Holiday Street, Suite 109
Baltimore, Maryland 21202
Tel: (410) 396-3947
Fax: (410) 574-1025
Sara.Gross@baltimorecity.gov
Tom.Webb@baltimorecity.gov

Respectfully submitted,

*/s/ Paul Brzyski*
Paul Brzyski
HERBERT SMITH FREEHILLS
   KRAMER (US) LLP
2000 K Street NW, 4th Floor
Washington, DC 20006
Tel: (202) 471-3046
paul.brzyski@hsfkramer.com

Gary A. Orseck
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-6622
gary.orseck@hoganlovells.com

*Counsel of Record*

Alla Lefkowitz
EVERYTOWN LAW
P.O. Box 14780
Washington, DC 20044
Tel: (202) 545-3257
alefkowitz@everytown.org

Aaron Esty
Carina Bentata Gryting
EVERYTOWN LAW
450 Lexington Avenue, P.O. Box 4184
New York, NY 10017
Tel: (646) 324-8369
aesty@everytown.org
cbentata@everytown.org

*Counsel for Amicus Curiae Mayor and City Council of Baltimore*

5

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitations of Federal Rules of Appellate Procedure 27(d)(2)(A) because this motion contains 740 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f) and D.C. Circuit Rule 32(e)(1).

This motion complies with the typeface and type-stye requirements of Federal Rule of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Paul Brzyski*
Paul Brzyski
*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, I electronically filed this motion for leave to participate in oral argument as *amicus curiae* with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

*/s/ Paul Brzyski*
Paul Brzyski
*Counsel for Amicus Curiae*